### STERNBACH v. FRIEDMAN et al.

(Supreme Court, Appellate Division, First Department. May 20, 1898.)

APPEAL—STAY—BOND.

Upon the trial of an action to foreclose a mortgage, a judgment was entered directing a sale, and the payment from proceeds of certain obligations, debts, and liabilities of a certain firm, and thereafter of certain sums to the plaintiff. The defendants appealed, and upon their motion at special term proceedings were stayed upon their giving an undertaking to pay the costs of the appeal. It appeared that the liability under the judgment, if affirmed, would amount to about $18,000 and costs, that the interest of the mortgagor was an undivided half of the property affected, and that the property was subject to prior liens for more than $146,000. *Held*, on appeal from the order, that while, under Code Civ. Proc. § 1351, the court had power to stay the proceedings without security, the circumstances required that they should not be stayed without a bond, as required by section 1331, in an amount not exceeding $2,500.

Appeal from special term.

Action by Philip Sternbach against Yette Friedman and others. From an order staying plaintiff's proceeding pending the determination of defendants' appeal, and giving an undertaking for costs of appeal, plaintiff appeals. Modified.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Leonard Bronner, for appellant.
Harold Hathan, for respondents.

INGRAHAM, J. Upon the trial of this action a judgment of foreclosure and sale was entered directing the sale of the mortgaged premises, and directing the referee, out of the proceeds realized upon such sale, to first pay, satisfy, and discharge all outstanding obligations, debts, and liabilities of the firm of Rosenthal & Sternbach; second, to pay to the plaintiff, Philip Sternbach, the sum of $10,000,

with interest thereon, from the 1st day of December, 1895; and, third, to pay to plaintiff the amount which may be found to be due to the plaintiff for injury and damage which the plaintiff has been or may be required to expend by reason of the co-partnership affairs, and the referee named was directed to ascertain the amount due the creditors of the said firm and to the plaintiff as damages sustained by reason of the said co-partnership. The defendants appealed from the judgment, and made a motion at the special term to stay the proceedings under the judgment upon the appeal. That motion was granted upon the defendants giving an undertaking to pay the costs of the appeal. The property covered by the mortgage consisted of an undivided half part of the property described. The property is subject to prior incumbrances aggregating $146,000. It is alleged by the defendants that the liability under this judgment, if it should be affirmed, will amount to about $18,000, besides costs. We have, therefore, a case of a mortgage being foreclosed where there is due upwards of $18,000, where the interest of the mortgagor is an undivided half of the property, and where the property is subject to prior liens amounting to upwards of $146,000. That this is a very insufficient security for the amount due is clear. The consequences of the delay caused by this appeal may result in the foreclosure of the prior liens, when the purchaser, to protect his lien, will be compelled to pay off such prior liens, or make provision for their continuance. The interest is accruing, and the amount of the prior liens will be increased by such interest pending the appeal. To entitle the defendants to a stay as a matter of right, an undertaking must be given as provided in section 1331 of the Code, which undertaking must provide that, if the judgment is affirmed or the appeal dismissed, the appellant will pay any deficiency which may occur upon the sale, with interest and costs, and all expenses chargeable against the proceedings of the sale, not exceeding a sum fixed by the judge of the court from which the appeal is taken. No undertaking was given under this section of the Code, nor did the court below fix the amount of such an undertaking. Under section 1351 of the Code, the court has power to stay the proceedings without security; but, under the circumstances of this case, we do not think that the proceedings should be stayed without a bond, as required by section 1331 of the Code.

The order appealed from should therefore be modified by providing that the judgment appealed from be stayed pending the appeal, upon the defendant Yette Friedman giving an undertaking providing that, if the judgment is affirmed or the appeal dismissed, she will pay any deficiency that may occur upon the sale, with interest and costs and all expenses chargeable against the proceeds of the sale, not exceeding the sum of $2,500 (which is sufficient, in view of the equity in the property). As so modified, the order is affirmed, with $10 costs and disbursements to the appellant. All concur.